Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

THE ESTATE OF CHI MODU, appearing via its trustee, SOPHIA MODU,

Plaintiff,

v.

UNIVERSAL MUSIC GROUP, a California corporation, who owns and operates "UDISCOVERMUSIC.COM"; and DOES 1 through 10,

Defendants.

Case No.:

PLAINTIFF'S COMPLAINT FOR:

1. COPYRIGHT INFRINGEMENT;

2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT; and

3. VIOLATION OF THE DMCA: 17 U.S.C. § 1202

Jury Trial Demanded

Plaintiff, The Estate of Chi Modu, appearing via it's trustee, Sophia Modu, by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., §§ 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

- 1 -

3.      Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4.      Plaintiff is the Estate of Chi Modu, and appears via its trustee, Sophia Modu ("The Estate"), and is based in New Jersey.

5.      Plaintiff is informed and believes and thereon alleges that Defendant Universal Music Group is a corporation doing business in Los Angeles, California, and owns and operates uDiscoverMusic.com.

6.      Defendants Does 1 through 10, inclusive, are other parties who have infringed Plaintiff's copyright, have contributed to the infringement of Plaintiff's copyright, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7.      Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, each and all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and every violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

- 2 -

COMPLAINT

## CLAIMS RELATED TO SUBJECT PHOTOGRAPH

8.      Chi Modu ("Modu") was an award-winning photographer, well-known for his photographs of hip-hop icons including Tupac Shakur, Notorious B.I.G., Mary J. Blige, L-L Cool J, and many others. He exhibited his work at numerous museums, appeared at many exhibits, and used his skills as a photographer to create unique documentaries. His photographs are often used in commercials, films, music documentaries, along with being held in private collections. His images have also been licensed by Sony, Paramount, Viacom, The New York Times and The London Times, and his photograph of Tupac Shakur was featured in Rolling Stone's book "The '90s: The Inside Stories from the Decade That Rocked." His photographs have also been featured on the covers of The Source, Rolling Stone Magazine, and Jazz Times.

9.   Modu created an original photograph depicting Tupac Shakur ("Subject Photography"), a true and correct copy of which is attached as **Exhibit A**.

10. Modu passed away and The Estate obtained all ownership, interest, and rights in the Subject Photography. Plaintiff exclusively owns the Subject Photography, its copyrights, and any related accrued claims**.**

11. The Subject Photography is registered with the Copyright Office and The Estate owns that registration.

12. Defendants, and each of them, have willfully copied, reproduced, displayed, and distributed the Subject Photography for financial benefit and without Modu or Plaintiff's consent, at and on websites bearing the URL(s) depicted in **Exhibit B** hereto. Said material will be referred to as "Infringing Content" herein.

13. Plaintiff did not consent to said use of the Subject Photography.

14. Plaintiff sent a cease and desist letter to Defendant on February 9, 2022 indicating a complaint would be filed and that litigation would be required should

- 3 -

Defendant fail to comply with the cease-and-desist letter and amicably resolve the matter. Defendants failed to meaningfully respond.

### FIRST CLAIM FOR RELIEF

**(For Copyright Infringement – Against All Defendants, and Each)**

15.     Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

16.     Defendants, and each of them, had access to the "Subject Photograph, including, without limitation, through viewing the Subject Photograph on the World Wide Web.

17.     Defendants, and each of them, infringed Plaintiff's copyright by copying, publishing, and displaying the Subject Photograph to the public, including without limitation, the website listed above, without Plaintiff's authorization or consent.

18.     Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

19.     Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

20.     Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars

($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## SECOND CLAIM FOR RELIEF

### (Vicarious and/or Contributory Copyright Infringement - Against All Defendants, and Each)

21.    Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

22.    Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged herein. Such conduct included, without limitation, publishing the Subject Photograph obtained from third parties that Defendants knew, or should have known, were not authorized to publish the Subject Photograph.

23.    Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the aforementioned website posts that incorporated the unauthorized copies of the Subject Photograph, and were able to supervise the publication of said posts.

24.    By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to their business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

25.    Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would

not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of their rights in the Subject Photograph, in an amount to be established at trial.

26. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

### THIRD CLAIM FOR RELIEF

### (Violation of 17 U.S.C. §1202 - Against All Defendants, and Each)

27. Plaintiff realleges and incorporates by reference the preceding paragraphs of this Complaint as if fully set forth herein.

28. Defendants, and each of them, have removed Plaintiff's copyright management information from the Subject Photograph knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement and/or added false copyright management information to the Subject Photograph with the intent to induce, enable, facilitate, or conceal infringement, before publishing same.

29. The aforementioned facts constitute "copyright management information" as that phrase is defined in 17 U.S.C. § 1202(c) and is false.

30. When Defendants published the Subject Photograph, they knowingly provided and/or distributed false CMI in violation of 17 U.S.C. § 1202(a), and did so in order to induce, enable, facilitate, or conceal infringement.

31.     When Defendants published the Subject Photograph, they removed Plaintiff's copyright management information from the Subject Photograph knowing or having reason to know that such removal would induce, enable, facilitate, or conceal and infringement in violation of 17 U.S.C. § 1202(b), as set forth above.

32.     As a result of the foregoing, Plaintiff has been damaged and may recover those damages as well as Defendants' profits, or statutory damages, under the Digital Millennium Copyright Act

## **PRAYER FOR RELIEF**

33.     Wherefore, Plaintiff prays for judgment as follows:

### **Against All Defendants**

### With Respect to Each Claim for Relief

**a.** That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Plaintiff's copyright in the Subject Photograph, including, without limitation, an order requiring Defendants, and each of them, to remove the Subject Photograph from their respective websites, catalogs, marketing and advertisement materials.

b.  That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants, and each of them, through their infringement, the exact sum to be proven at the time of trial, and/or, to the extent available, statutory damages as available under the 17 U.S.C. § 504, 17 U.S.C. § 1203, and other applicable law.

c.  That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Plaintiff's intellectual property rights;

d.  That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 505 et seq.;

e.  That Plaintiff be awarded its costs and fees under the statutes set forth above;

f.  That Plaintiff be awarded statutory damages and/or penalties under the statues set forth above;

g.  That Plaintiff be awarded pre-judgment interest as allowed by law;

h.  That Plaintiff be awarded the costs of this action; and

i.  That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

34.  Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: June 23, 2022          By:          */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel
DONIGER / BURROUGHS

*Attorneys for Plaintiff*
*Estate of Chi Modu and Trustee Sophia Modu*

- 8 -

COMPLAINT

## EXHIBIT A



## EXHIBIT B







COMPLAINT